## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ROSE MALBRANCHE,

      Plaintiff,

v.                                Case No.:  2:17-cv-74-FtM-99CM

REDI CARE NURSING
SERVICES, LLC,

      Defendant.

_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion for Approval of Settlement and Dismissal with Prejudice ("Joint Motion") (Doc. 30) filed on June 9, 2017.  The parties provided a copy of the Settlement Agreement and Release ("Settlement Agreement") for the Court's review.  Doc. 30-1.  The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.  Doc. 30.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

1982).   There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id.* at 1353. The second way, which is relevant here, comes under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.* When the employee files suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Rose Malbranche brought this action against Defendant Redi Care Nursing Services, LLC for recovery of unpaid overtime compensation and unpaid wages under the FLSA.   Doc. 1 ¶¶ 10-20.   Defendant is a nurse registry, engaged in business in Florida, for which Plaintiff worked between 2005 and 2017.   Doc. 1 ¶ 7; Doc. 30 at 1.

Defendant hired Plaintiff as a certified nursing assistant on an hourly basis. Doc. 1 ¶ 8; Doc. 30 at 1. Plaintiff alleges that although she regularly worked in excess of forty (40) hours within a workweek, she was not paid any overtime—at a rate of one and a half times the standard rate—for the additional hours. Doc. 1 ¶ 13. In addition to the FLSA claim, Plaintiff further makes a claim for unpaid wages under section 448.01 of the Florida Statutes, alleging that Defendant did not compensate her at the appropriate rate. *Id.* ¶ 20. Although Defendant has not filed an answer to the Complaint, the Joint Motion articulates Defendant's position that Plaintiff was an independent contractor and was thus exempt from overtime compensation under both federal and state law. Doc. 30 at 2.

In the proposed Settlement Agreement, Defendant agrees to pay Plaintiff an amount totaling eight thousand, six hundred, twenty-five dollars ($8,625.00)[2] in consideration of Plaintiff's claims for unpaid wages, as well as liquidated damages and attorney's fees. Doc. 30-1 ¶ 2. The settlement provides that this amount is allocated three ways: Plaintiff will receive two payments of two thousand, eight hundred, seven dollars and fifty cents ($2,807.50)—one for liquidated damages and one for wages—and one payment of three thousand, ten dollars ($3,010.00) for attorneys' fees and costs. *Id.* Although described in the Joint Motion as an in-built portion of the settlement, the parties represent, and the Settlement Agreement

---

[2] The Settlement Agreement represents that the total amount of settlement proceeds is $8,625.00, although the Joint Motion states that the total sum is $8,725.00. Doc. 30-1 ¶ 2; Doc. 30 at 5. Based on the parties' breakdown of the settlement proceeds, the Court notes that $8,625.00 is the accurate sum. Doc. 30-1 ¶ 2.

provides, that the attorneys' fees and costs were negotiated separately from the amount of funds to be paid to Plaintiff.   Doc. 30 at 8; Doc. 30-1 at 2.

In settlement discussions between the parties, Plaintiff first sought a sum of forty thousand dollars ($40,000) for lost wages, damages and attorneys' fees without any breakdown of Plaintiff's claimed hours.   Doc. 30 at 3.   Defendant countered with an offer of four thousand dollars ($4,000), one thousand, five hundred dollars ($1,500) of which represented attorneys' fees and costs.   *Id.* at 3-4.   Ultimately, the parties agreed on the $8,625.00 total after several rounds of negotiations.   *Id.* at 1-6.   The parties state that they settled on this amount after conducting sufficient discovery and exchanging enough information to evaluate claims and potential cost of protracted litigation.   *Id.* at 7-8.

Pursuant to the Joint Motion and the Settlement Agreement, Plaintiff acknowledges that the $8,625.00 total is the full amount of compensation she ultimately claims, rendering unnecessary any reasonableness analysis.   *Id.* at 5; Doc. 30-1 at 2, ¶ 3.   *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, n. 6 (M.D. Fla. 2009) (determining that "[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement").   Yet, this stipulation does not conclusively show that no compromise occurred.   In fact, both parties deviated significantly from their initial positions, indicating that this settlement is the result of compromise.   The Court finds that a reasonableness analysis is necessary here.   *See id.* at 1226 (explaining that, "[b]roadly construed, a compromise would entail any settlement

where the plaintiff receives less than his initial demand").   Out of an abundance of caution, therefore, the Court will scrutinize the settlement to ascertain whether it is a "fair and reasonable resolution of a bona fide dispute."   *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

In determining the reasonableness of a settlement, the Court considers the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.   *See Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).   One court in this district offered an even simpler test for ascertaining reasonableness by stating that "[s]hort of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.   *Bonetti*, 715 F. Supp. 2d at 1227.

In analyzing the above-mentioned factors, the Court notes that the Joint Motion and the Settlement Agreement do not indicate that either party engaged in fraud or that they jointly agreed to collude.   Instead, the Joint Motion depicts a back-and-forth series of offers, resulting in a reasonable outcome that is not indicative of fraud or collusion.   Doc. 30 at 3-5.   The parties also represent both in the Joint

Motion and the Settlement Agreement that they each prioritized settling the matter quickly to avoid both the disruption and the costs of protracted litigation.   *Id.* at 5; Doc. 30-1 at 2.

Although the parties admit that "it could be years before this matter is ready for trial, and a jury ultimately could determine that [Defendant] is not entitled to any of the recovery she seeks," neither the Joint Motion nor the Settlement Agreement specify the degree of Plaintiff's likelihood of success on the merits.   Doc. 30 at 7. Yet, Plaintiff's willingness to settle the matter quickly indicates potentially unsuccessful litigation and the fairness of settlement.   The parties also voluntarily entered into the Settlement Agreement, which shows that each party favors a reasonable and expedient resolution.   *Id.* at 5; *Bonetti*, 715 F. Supp. 2d at 1227.

In examining the range of possible recovery, the parties represent that Plaintiff worked at a rate of thirteen dollars ($13) per hour and would therefore be entitled, were she to succeed in litigation, to a lost-wage sum of nineteen dollars and fifty cents ($19.50) per hour.   Doc. 1 ¶ 8; Doc. 30 at 4.   Pursuant to the Settlement Agreement, Plaintiff will receive $8,625.00, which the parties state fully compensates Plaintiff for her claimed damages.   Doc. 30 at 5; Doc. 30-1 at 2, ¶ 2.   In light of the Court's analysis and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement amount to be a reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation.   *See, e.g., Diaz v. Mattress*

*One, Inc.*, No. 6:10-cv-1302-Orl-22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011);

*Dorismond*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 at *3.

In addition to damages and lost wage claims, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the Settlement Agreement provides that Defendant agrees to pay Plaintiff's attorneys' fees and costs in the amount of $3,010.00. Doc. 30-1 ¶ 2. Both the Joint Motion and Settlement Agreement state that settlement was reached and the attorneys' fees and costs were agreed upon separately. Doc. 30 at 8; Doc. 30-1 at 2. Thus, having reviewed the proposed Settlement Agreement, inclusive of the attorneys' fees, (Doc. 30-1), the Court recommends the overall monetary terms of the settlement to be a fair and reasonable compromise.

Finally, the Court notes that the Joint Motion requests the Court retain jurisdiction to enforce the Settlement Agreement. Doc. 30 at 8. This Court generally declines to retain jurisdiction absent compelling circumstances or an articulation of independent jurisdiction. *See King v. Wells Fargo Home Mortg.*, No.

2:08–cv–307–FtM–29SPC, 2009 WL 2370640, at *1 (M.D. Fla. 2009).   The parties here have provided no compelling reasons why the Court should retain jurisdiction over Plaintiff's claims to enforce the Settlement Agreement.   Thus, this Court recommends not to retain jurisdiction over the Settlement Agreement.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.      The Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 30) be **GRANTED** in part and the Settlement Agreement (Doc. 30-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2.      The Court **NOT RETAIN** jurisdiction over this matter to enforce the Settlement Agreement.

2.      The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of July, 2017.


Copies:
Counsel of record